RHODE ISLAND HOSPITAL TRUST COMPANY, Tr. *vs.* RALPH WAITE GUILD *et al.*

JUNE 6, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This bill in equity is brought for the construction of certain portions of a will and instructions relative thereto. The cause being ready for hearing for final decree has been certified to this court for determination as required by § 4968, G. L. 1923.

Sarah E. Parkinson of Providence died September 12, 1914 leaving a will dated February 29, 1912. The will is short and evidently was written by a lawyer.

By the third clause testatrix gave the residue of her estate to complainant in trust with full power to manage and control the same and then provided: " . . . in further trust to accumulate the net income of all said trust estate until my grandson, Ralph Waite Guild shall have arrived at the age of 25 years . . . and when my said grandson shall have arrived at the age of twenty-five years, said trustee shall pay to him the net income of all said trust estate with accumulations thereof or so much thereof as may be then remaining after the payment of the expenses of the education of my said grandson for his own use and benefit in quarter annual payments during his natural life and upon his decease . . . said trustee shall convey all said trust estate then remaining unto my said sister Nettie J. Spencer and her daughter . . . in equal shares with cross remainders in case of the decease of either of them, and if neither of them should be living at the time when they or either of them should take under the foregoing provision of my will, if living," then a gift over was made to Oliver C. Horsman his heirs and assigns, forever.

In this clause it was also provided that if the father of said grandson should die not leaving sufficient property for the support and education of his son, or if he should be unable or unwilling to pay the expenses of the education of his son while preparing for college and during his college course, the trustee "shall apply the income of said trust fund and so much of the principal thereof as may be necessary to pay the expenses" of his said education.

The original trust estate was about $17,000. The trustee accumulated the net income of the trust estate until February 11, 1932, when said Ralph W. Guild attained the age of twenty-five years. The total income amounted to $21,031.07. The trustee paid therefrom $6,900 for the expense of the college education of said Ralph W. Guild. The balance of income in the possession of the trustee February 11, 1932, was $14,137.07.

Ralph W. Guild claims that the trustee should immediately pay this balance of income to him. He bases this claim upon the fact that when he attained the age of twenty-five years the trustee was directed "to pay to him the net income of all said trust estate with accumulations thereof or so much thereof" as might be then remaining after the payment of the expenses of his education "for his own use and benefit in quarter annual payments during his natural life."

It appears in the record that about three years before the testatrix executed her will her daughter died leaving a son about four years of age. This son then went to live with the testatrix and remained with her until a few days before her death. It also appears that Nettie J. Spencer was a sister of the testatrix and that Oliver C. Horsman, the contingent remainderman in fee, was the son of a deceased sister.

The scheme of the will is logical and consistent. The testatrix intended her grandson should receive a college education and, after that, have the income from her estate during his life. After his death she wanted her estate to go to her sister and daughter, if then living, and, if not, then to her nephew and his heirs.

It will be noticed that testatrix made no specific bequest to her grandson or to his father. She intended that her grandson should have a college education and authorized her trustee to pay for it, not only out of the income arising from her estate but out of the principal if necessary, but only in the event that the father of the boy was unable or unwilling to pay for it.

The testatrix did not intend that her grandson should receive any cash from her estate until he became twenty-five years of age. Until this time should arrive she directed her trustee to "accumulate the net income of all said trust estate." When she instructed her trustee to "accumulate the net income" she meant that the trustee was to increase the trust estate by the continuous addition of the net income accruing therefrom until the time arrived when the interest

thereafter accruing should be paid to her grandson. No express direction to the trustee to accumulate the income was necessary. In the absence of such direction, it would have been the duty of the trustee to do so and eventually to pay it to the parties entitled to the *corpus* of the estate. *Perry* v. *Brown,* 34 R. I. 203, 225.

When the testatrix directed her trustee to pay her grandson "the net income of all of said trust estate with the accumulations thereof . . . for his own use and benefit in quarter annual payments during his natural life" she clearly intended that he should receive not only the net income from the original trust estate but also the net income from the accumulated income accruing thereafter. If the testatrix had intended that the accumulated income was to be then paid to her grandson, she would have used apt words to have expressed such an intention. Our conclusion is that said Ralph W. Guild is not entitled to any portion of the net income which had accumulated up to the time he arrived at the age of twenty-five years and the trustee is so advised.

In accordance with this opinion the parties may present to this court on June 14, 1932, a form of decree to be entered in the Superior Court.

*Tillinghast & Collins,* for complainant.

*Walling & Walling, Everett L. Walling, William R. Dorman* of New York, for respondent Guild.

*Henshaw, Lindemuth & Baker, John W. Baker,* for respondents Goff and Horsman.